IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01915-GPG

EDMOND WALKER,

        Plaintiff,

v.

CAROL RODGER, and
CRUMB,

        Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

        Plaintiff, Edmond Walker, currently detained at the Denver County Jail, initiated

this action by filing *pro se* a Prisoner Complaint (ECF No. 1) asserting two claims for

relief pursuant to 42 U.S.C. § 1983.  He seeks money damages and declaratory and

injunctive relief.

        The court must construe the Prisoner Complaint liberally because Mr. Walker is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Walker will be

ordered to file an amended complaint if he wishes to pursue his claims in this action.

        Mr. Walker alleges that he suffers from "chronic pain" in his hip after injuring

himself playing basketball on July 26, 2015.  (ECF No. 1, at 3-4).  Plaintiff alleges that

he was examined by nurses on July 28, 2015 and July 29, 2015 and was given aspirin.

(*Id.,* at 4).  Plaintiff alleges that Defendant Crumb examined him on August 6, 2015,

and that Defendant Crumb "conducted <u>one</u> single x-ray on my hip area, and gave me Trimidol which I had to stop taking after 2 days because Trimidol gave me anxiety attacks and made me violent." (*Id.,* at 5). Plaintiff alleges that on August 17, 2015, he saw Defendant Crumb again and "he told me there was no other pain killer he could give me and he would put me on another line to see a bone specialist." (*Id.*). Plaintiff alleges that he remains in constant pain and is unable to sleep. (*Id.*). Based on these allegations, Plaintiff asserts that Defendants "willingly, wantonly, knowingly violated Plaintiff rights to be free from cruel and unusual punishment and pain and suffering under the 8[th] and 14th Amendments by showing a clear deliberate indifference to my health." (*Id.,* at 5-6).

The Prisoner Complaint is deficient because Mr. Walker does not allege facts to show that Defendant Rodger personally participated in the asserted constitutional violation. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for

supervisory liability).

Mr. Walker also fails to allege facts that would support an arguable Eighth Amendment claim against Defendants in their official capacities.  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).  Therefore, Mr. Walker's claim against Defendants in their official capacities must be construed as a claim against City and County of Denver.  However, Mr. Walker cannot state a cognizable claim for relief against City and County of Denver unless he demonstrates he suffered an injury caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

Mr. Walker will be ordered to file an amended complaint that clarifies what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

3

(10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Walker file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Walker shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Walker fails to file an amended complaint that complies with this order within the time allowed, the action may be dismissed without further notice.

DATED September 11, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge