IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01915-GPG

EDMOND WALKER,

    Plaintiff,

v.

CAROL RODGER, and
CRUMB,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

Plaintiff, Edmond Walker, is an inmate currently detained at the Denver County Jail. On September 3, 2015, Mr. Walker initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).

On September 11, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because Mr. Walker did not allege facts demonstrating that Defendant Rodger personally participated in the asserted constitutional violations. Magistrate Judge Gallagher further found that Mr. Walker failed to allege facts that would support an arguable claim against Defendants in their official capacities. Magistrate Judge Gallagher directed Plaintiff to file an amended complaint within thirty days of the September 11 Order. On October 8, 2015, Mr. Walker filed an Amended Complaint (ECF No. 6).

Mr. Walker has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the Amended Complaint liberally because Mr. Walker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss this action, in part, and draw the remainder to a presiding judge and, if appropriate, to a magistrate judge.

In the Complaint, Mr. Walker alleges that "medical administrator, doctor, nurses delayed and denied Plaintiff any type of adequate medical treatment." (ECF No. 6, at 3). Mr. Walker further alleges that he filed grievances addressed to Defendant Rodger, "who refused to respond." (*Id.,* at 4). He alleges that Defendant Rodger is liable as a supervisor because she "knew and failed to supervise staff, the grievances I filed against her was enough notification, which violated my rights to be free from pain and cruel and unusual punishment." (*Id.,* at 5). Mr. Walker also asserts that Defendant Crumb "only took 1 single x-ray did not examine me and gave me Trimidol for pain, in which I had to stop taking after 2 days for having a bad reaction." (*Id.,* at 4). He further

contends that Defendant Crumb "deliberately refused to respond" to Plaintiff's medical kites and would not prescribe him any other pain medication. (*Id.,* at 4-6). Finally, Mr. Walker alleges that he was not seen by a specialist until approximately two months after his injury. (*Id.*). In the Amended Complaint, Mr. Walker asserts a claim for Intentional Denial of Adequate Medical Care (Claim One) and Deliberate Indifference (Claim Two), and seeks damages as well as declaratory and injunctive relief.

The Court finds that Mr. Walker still does not allege specific facts to show that Defendant Rodger personally participated in the alleged constitutional violations. Mr. Walker was warned in the September 11 Order that personal participation is an essential allegation in a civil rights action and that a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.,* 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). Although, Mr. Walker alleges that he informed Defendant Rodger about the alleged inadequate medical care in grievances, passive receipt of such correspondence does not demonstrate personal participation in the alleged constitutional violation. *See Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) ("Copying [the prison warden] with correspondence outlining [an inmate's] complaints about medical care, without more, does not sufficiently implicate the warden under § 1983."). Moreover, Plaintiff's vague and conclusory assertions are insufficient to state an arguable claim for relief against Defendant Rodger. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (vague and conclusory allegations are not actionable under § 1983); *Hall*, 935 F.2d at 1110 (vague and conclusory allegations

need not be accepted by the court). Therefore, the constitutional claims against Defendant Rodger will be dismissed as legally frivolous.

Mr. Walker also fails to allege facts that support an arguable constitutional claim against Defendant Crumb in his official capacity. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Therefore, Mr. Walker's claim against Defendant Crumb in his official capacity must be construed as a claim against City and County of Denver. As Magistrate Judge Gallagher explained, Mr. Walker cannot state a cognizable claim for relief against City and County of Denver unless he demonstrates he suffered an injury caused by a municipal policy or custom. *See Schneider*, 717 F.3d at 769-71 (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Because Mr. Walker fails to allege any facts that demonstrate he suffered an injury caused by a municipal policy or custom, the constitutional claim against the Defendant Crumb in his official capacity will be dismissed as legally frivolous.

The Court will not address at this time the merits of the constitutional claims against Defendant Crumb in his individual capacity. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Plaintiff's claims against Defendant Rodger are DISMISSED as legally frivolous and Defendant Rodger is DISMISSED as a party from this action. It is

FURTHER ORDERED that the official capacity claim against Defendant Crumb is DISMISSED as legally frivolous. It is

FURTHER ORDERED that Plaintiff's remaining claims against Defendant Crumb in his individual capacity shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 7) is denied as moot because Plaintiff was granted leave to proceed *in forma pauperis* on September 11, 2015 (*see* ECF No. 4).

DATED at Denver, Colorado, this  15th  day of     October         , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court