IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01915-RBJ-MEH

EDMOND WALKER,

    Plaintiff,

v.

CRUMB,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Emergency Injunction ("Motion") [filed January 15, 2016; docket #55]. The Motion is referred to this Court for recommendation. *See* docket #57. Based on clearly established law, the Court decides this matter without further briefing. For the following reasons, the Court **recommends** Plaintiff's Motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991)).

**I.     Background**

Plaintiff is an inmate detained at the Denver County Jail who initiated this lawsuit, proceeding *pro se*, on September 3, 2015. Docket #1. Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended complaint to cure deficiencies [*see d*ocket #5], which Plaintiff did on October 8, 2015, naming multiple Defendants and constitutional violations [*see* docket #6]. Judge Gallagher concluded, however, that Plaintiff's Amended Complaint only alleged sufficient facts against one person: Defendant Crumb, a doctor who Plaintiff alleges denied him appropriate medical treatment at the jail. *See* docket #10 at 3. Judge Gallagher allowed claims to proceed only against Defendant Crumb, and only in his individual capacity. *Id*. at 4.

In the Motion presently before the Court, Plaintiff represents that an official named "Sergeant Tomsick" has been restricting Plaintiff's privileges at the jail in retaliation for filing this lawsuit. Docket #55 at 1. He asserts he has been given only one hour a day (instead of three hours) to exercise, go to the law library, and shower. *Id*. He thus seeks an "emergency injunction" based on "jail officials' knowing and unreasonab[le] disregard [of] objectively intolerable risk of harm" to Plaintiff in the jail. *Id*. at 1.

**II.    Standard of Review**

    **A.     *Pro Se* Pleadings**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.

### B.   Temporary Restraining Order and Preliminary Injunction

Issuance of a temporary restraining order is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.,* 64 F.2d 881, 883 (10th Cir. 1933). Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction. 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2951 (2d ed. 1995).

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* (citations omitted). The burden is on the movant to establish his right to the relief requested. *Penn. v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

Here, the Court limits its analysis to the fourth factor: the substantial likelihood of success on the merits. Because the Court has jurisdiction in this case over only the Plaintiff and Defendant Crumb, and because Plaintiff has not alleged that Defendant has any connection to Sergeant Tomsick (a non party to this case), there is no likelihood of success on the merits of any claims Plaintiff may

have against Sergeant Tomsick or any jail officials. Therefore, Plaintiff fails to establish the necessity or appropriateness of the injunctive relief requested, and Plaintiff's Motion should be denied.

### III. Conclusion

Accordingly, the Court **recommends** Plaintiff's Motion for Emergency Injunction [<u>filed January 15, 2016; docket #55</u>] be **denied**.

Dated at Denver, Colorado, this 21st day of January, 2016.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge