IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-01915-RBJ-MEH

EDMOND WALKER,

    Plaintiff,

v.

CRUMB,

    Defendant.

## ORDER ON PENDING MOTIONS

The case is before the Court on (1) plaintiff's motion for emergency injunction, (2) a magistrate judge's recommendation that the motion be denied, and (3) plaintiff's motion to order defense counsel to cooperate with discovery and to engage in settlement discussions.

By way of background, plaintiff is a detainee in the Denver Jail. In his Amended Complaint he named "Carol Rodger," alleged to be a medical administrator, and Peter Crum, M.D., a physician who provides medical services to inmates, as defendants. Judge Babcock dismissed the claims against Ms. Rodger. ECF No. 10. The court did not address the merits of the claims against Dr. Crum. *Id.* Essentially, plaintiff complaints that Dr. Crum has not provided appropriate medical care for him.

On January 15, 2016 plaintiff filed the pending "Motion for Emergency Injunction." ECF No. 55. The gist of it is that Sgt. Tomsick put him in administrative segregation for no reason and in violation of his due process rights, thus reducing his ability to access the law library, exercise and shower. He contends that this was done in retaliation for his suing the jail.

Also the injunctive relief desired was not clearly specified, I presume that it would include a mandate to Sgt. Tomsick and other jail officials to remove him from administrative segregation and desist from retaliatory actions. This Court referred the motion to Magistrate Judge Michael E. Hegarty.

In a written order issued January 21, 2016 Judge Hegarty recommended that the motion for an injunction be denied. He did not comment on the merits of the complaint concerning administrative segregation or retaliation for a simple reason – the alleged conduct was not attributed to the defendant in this case, Dr. Crum, and had essentially nothing to do with the issues raised in the Amended Complaint. Put another way, if the plaintiff wished to assert claims involving the alleged conduct that was the subject of his motion, he would have to do so in a different case, not this case. ECF No. 58 at 3-4.

Judge Hegarty advised the plaintiff of the standard 14-day period of time to object to his recommendation. *Id.* at 1. Plaintiff did not file any objection within that time frame, unless one considers a document he filed the next day, entitled "Emergency Injunction 'Meritorious Facts,'" to be an objection. *See* ECF No. 59. It does not appear that plaintiff had even received Judge Hegarty's recommendation when he filed the "Meritorious Facts" document, but regardless, it too had nothing to do with the claim against Dr. Crum which is what this case is about.

On March 21, 2016 plaintiff filed a document called "2nd Affidavit in Support of Amended Complaint." ECF No. 60. This document does relate to the claim against Dr. Crum, but it has nothing to do with the motion for injunctive relief. In effect it amounts to an attempt to amend the Amended Complaint, but no leave further to amend the Amended Complaint was either requested or granted.

On March 23, 2016 plaintiff filed a motion to order the defense counsel to cooperate with discovery and, as I interpret it, to participate in settlement discussions. ECF No. 61. The motion does not indicate what discovery was served on the defendant, what response, if any, was provided, or why any response was inadequate. Simply put, it gives the Court no basis at all to provide any relief. The Court expects the defendant to respond properly to properly conceived and served discovery, and I will leave it at that. As for settlement discussions, the Court will not order the defendant to engage in settlement discussions. Courts always encourage settlement discussions if the parties believe that they might be a fruitful way to resolve a dispute. Again, I will leave it at that.

## ORDER

For the foregoing reasons, the Court finds no error of law or fact in the magistrate judge's recommendation as set forth at ECF No. 58. The recommendation is ACCEPTED and ADOPTED. The motion for emergency injunctive relief, ECF No. 55, is DENIED. The motion to order defense counsel to cooperate in discovery and to participate in settlement discussions, ECF No. 61, is also DENIED.

DATED this 28th day of March, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge